By the Court.
Plaintiff in error, Jacob Holmes, seeks the reversal of a judgment rendered against him in the court of common pleas, and affirmed by the court of appeals, for the sum of *20 $688.50, in favor of the defendant in error, George Snyder, for the erection by the latter of a party wall upon an oral contract that when completed the plaintiff in error would pay one-half the cost thereof.
The defendant in error constructed a brick building on his premises adjoining those of the plaintiff in error, which were also occupied by a brick building, but extended his building to a somewhat greater depth than that of the plaintiff in error, and the wall in question here is that which extended northward from the northeast corner of the plaintiff in error’s building. There is evidence in the record that such verbal contract was entered into between the parties, as claimed by the plaintiff, and that such wall was erected in pursuance thereof. There is also evidence in the record that this wall as erected is half on the premises of the plaintiff and half on the premises of the defendant. Evidence was adduced to the contrary and tended to show that no part of the wall is on the premises of the plaintiff in error.
The view of the court of appeals on this question in conflict was that it had been resolved by the trial court in favor of the plaintiff below, and the court held that the evidence upon that question was sufficient to support the judgment. The record also discloses that the plaintiff in error, in anticipation of erecting an extension to his own building, and in pursuance of his desire to make use of the wall in question for the support thereof, directed those engaged in the erection of said wall to leave joist holes, which was done.
*21 Under such state of facts the claim of the plaintiff below cannot be defeated upon the ground that the agreement under which such wall was erected is within the statute of frauds and therefore invalid. If the plaintiff and defendant had entered into a contract jointly with a third person to erect a wall upon the line, for whatsoever purpose it might have been desired or contemplated to be used, there could be no question as to the right of such third party to recover the consideration agreed upon for the construction of such wall. There is no less valid obligation upon the part of the plaintiff in error to pay the defendant in error the half of the cost of the construction of such wall, assuming that it has been established by the evidence that such contract was made, which must be conceded, for that question of fact has been determined in favor of the defendant in error and adversely to the plaintiff in error.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Jones, Matthias, Johnson and Robinson, JJ., concur.
Merrell, J., not participating.